UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DUFRENE STEPHANE,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; DAVID J. VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; GREGORY J. ARCHAMBEAULT in his official capacity as Acting Field Office Director for San Diego, U.S. Immigration and Customs Enforcement; JEREMY CASEY, Warden of Imperial Regional Adult Detention Center, in his/her capacity as warden of the Imperial Regional Adult Detention Center,

Respondents.

Case No.: 3:26-cv-05722-LEK-JLB

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Dufrene Stephane's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"), filed on October 6, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Markwayne Mullin, Secretary, United States Department of Homeland Security ("DHS"); Todd Blanche, Attorney General of the United States; David J. Venturella, Acting Director of United States Immigration and Customs Enforcement ("ICE"); Gregory J. Archambeault in his official capacity as Acting Field Office Director for San Diego, ICE; and Jeremy Casey, Warden of Imperial

Regional Adult Detention Center, in his/her capacity as warden of the Imperial Regional Adult Detention Center ("Respondents"), filed a response to the Petition ("Response") on October 14, 2026. [Dkt. no. 4.] On October 15, 2026, Petitioner filed a reply ("Reply"). [Dkt. no. 5.]

**BACKGROUND**

Petitioner is a citizen and native of Haiti. [Petition at ¶¶ 3, 89.] On August 25, 2023, Petitioner presented himself to immigration authorities at the San Ysidro Port of Entry in California. DHS inspected him and initiated removal proceedings by issuing him a Form I-862 Notice to Appear, which alleged that he was inadmissible because he lacked the required immigration document. See id. at ¶¶ 100-02. Petitioner was paroled into the country and was admitted until August 23, 2024. See id. at ¶¶ 106-07.

While Petitioner's removal case was pending, he applied for asylum. The Department of Justice Executive Office for Immigration Review processed his payment for his asylum application on November 1, 2025. See id. at ¶ 111. Although his parole period had expired, Petitioner was not detained and continued to live at liberty. See id. at ¶ 113. Petitioner has family ties in this country, including a son who was born in the United States. See id. at ¶¶ 115-16. When the Petition was filed, Petitioner's removal case was still pending. He has an in-person individual hearing scheduled on October 29, 2026 at the Imperial Immigration Court in California. See id. at ¶ 119.

On August 13, 2026, in Broward County, Florida, ICE officers took Petitioner into immigration custody. See Response, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 8/15/26 ("Form I-213")) at 2. He was later transferred to the Imperial Regional Detention Facility, in Calexico, California, where he remained through the date that the Petition was filed. See Petition at ¶¶ 17, 87, 123-24. Petitioner asserts that Respondents provided no notice explaining why he was being detained or any type of individualized determination prior to his detention

regarding Petitioner's risk of danger to the community or flight risk. See id. at ¶¶ 18-23, 125-27.

Petitioner's primary argument is that his re-detention violates his due process rights. See id. at pgs. 32-34. Petitioner also argues that Respondents' decision to detain him violated Title 8 United States Code Section 1226, as interpreted in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), [id. at pgs. 34-35,] and the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2)(A), [id. at pgs. 35-36]. Petitioner alleges he is entitled to immediate release. See id. at ¶ 70; see also id. at pgs. 39-40.

Respondents assert "that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] They also assert that Rodriguez Vazquez does not apply to Petitioner. See id. Nevertheless, Respondents "acknowledge[] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions." [Id. at 2-3 (citing cases).] They also admit that they "have insufficient information regarding termination of [Petitioner's] parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." [Id. at 2.] Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

## DISCUSSION

This Court assumes, without deciding, that the mandatory detention procedures of Section 1225(b)(2) govern Petitioner's detention. However, even accepting that Section 1225(b)(2) governs Petitioner's present detention, that does not establish that Respondents lawfully terminated his parole or provided Petitioner with adequate process before detaining him. Further, Respondents have not attempted to establish that Petitioner received an individualized determination prior to his re-detention.

While Respondents assert that this Court should decline to address, *inter alia*, Petitioner's due process arguments, see Response at 3 n.2, they do not assert that this Court should deny Petitioner's request for immediate release. This Court construes

Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's detention violates his due process rights.[1]

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[2]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on August 13, 2026. See Petition at ¶¶ 125-27; Response, Exh. 1 (Form I-213) at 2. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention.[3] Providing Petitioner a bond hearing would not remedy

---

[1] In light of this concession, it is not necessary to address Petitioner's specific arguments regarding his detention, such his argument that Respondents failed to establish the requirements for a warrantless immigration arrest. See Reply at PageID.63-66.

[2] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[3] Respondents appear to suggest, without expressly arguing, that the expiration of Petitioner's parole reverts the authority for his detention to Section 1225(b)(2). See

(. . . continued)

the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[4]

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 44. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

**CONCLUSION**

For the foregoing reasons, Petitioner Dufrene Stephane's Verified Petition for Writ of Habeas Corpus, filed October 6, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's detention on August 13, 2026. Respondents are also ORDERED to

---

Response at 2 n.1 (citing 8 U.S.C. § 1182(d)(5)(A); Matter of Q. Li, 29 I. & N. Dec. 66, 69-70 (BIA 2025)). Even if Respondents had expressly advanced this argument, "many courts in the Ninth Circuit [Court of Appeals] have held that the expiration of parole does not extinguish a petitioner's entitlement to due process." See Aliyev v. LaRose, Case No.: 3:26-cv-01119-CAB-JLB, 2026 WL 699818, at *2 (S.D. Cal. Mar. 12, 2026) (citing cases). In other words, a petitioner's private interest does not expire along with his or her parole agreement. See, e.g., Nayem v. LaRose, Case No.: 26-cv-777-RSH-DEB, 2026 WL 915023, at *3 (S.D. Cal. Apr. 3, 2026); Tunaca-Galindo v. Att'y Gen. of United States, Case No.: 26cv2226-LL-BJW, 2026 WL 1229587, at *2 (S.D. Cal. May 5, 2026); see also Omer G.G. v. Kaiser, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (stating the "petitioner's liberty interest did not expire along with his parole"). The expiration of one's parole "does not somehow obviate the need for the government to provide an individualized hearing prior to detaining the parolee." L.M. v. Noem, Case No. 2:25-cv-02194-RFB-BNW, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026) (citing Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025)).

[4] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's Section 1226 claim or his APA claim. See Petition at pgs. 34-36.

present Petitioner with the following options for his release: 1) immediate release in this District, no later than **twenty-four hours** after the filing of this Order; or 2) release in or near Broward County, Florida by **October 26, 2026**. Further, Respondents are ORDERED to return Petitioner's identification documents and belongings to him upon his release.

Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified. In addition, if a pre-deprivation hearing occurs, Respondents are ORDERED to consider whether alternatives to detention, such as requiring Petitioner to wear an ankle monitor or placing residence restrictions on Petitioner, would sufficiently mitigate the flight risk and/or danger to the community such that detention is not required. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **November 2, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 19, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>DUFRENE STEPHANE VS. MARKWAYNE MULLIN ET AL.</u>; CASE NO. 3:26-CV-05722-LEK-JLB; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**